[646 NYS2d 99]

DIANE BLANCO, Appellant, v AMERICAN TELEPHONE AND TELEGRAPH COMPANY et al., Defendants, and INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent.

BONNIE L. CLARK et al., Appellants, v APPLE COMPUTER, INC., et al., Respondents.

KATHRYN AWGUL, Appellant, v COMPAQ COMPUTER CORPORATION, Defendant, and DELL COMPUTER CORPORATION et al., Respondents.

In the Matter of NEW YORK COUNTY DATA ENTRY WORKER PRODUCT LIABILITY LITIGATION. REBECCA AIKMAN et al., Plaintiffs, and LISA REDD et al., Respondents, v ATEX, INC., Appellant. (And Other Actions.)

First Department, August 1, 1996

## APPEARANCES OF COUNSEL

*Steven J. Phillips* of counsel *(Alani Golanski* and *Stephenie Lannigan* on the brief; *Levy Phillips & Konigsberg),* for plaintiffs.

*John A. Collins* of counsel *(Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, L. L. P.,* attorneys), for Diane Blanco and others, appellants.

*Herbert Rubin* of counsel *(Jeffrey L. Chase, Maureen Doerner Fogel, Miriam Skolnik* and *Steven P. Benenson* on the brief; *Herzfeld & Rubin, P. C.,* and *Porzio, Bramberg & Newman,* attorneys), for Unisys Corporation and others.

*Gordon L. Lang* of counsel *(Thomas E. Reidy, Jr.,* and *Andrew M. Burns* on the brief; *Nixon, Hargrave, Devans & Doyle, L. L. P.,* attorneys), for 805 Middlesex Corp. (formerly Atex, Inc.).

*Joseph A. D'Avanzo* of counsel *(Anne E. Kershaw* on the brief; *Cerussi & Spring,* attorneys), for International Business Machines Corporation.

*Daniel A. Shacknai* of counsel *(George M. Newcombe* and *Linda L. Mahoney* on the brief; *Simpson, Thacher & Bartlett,* attorneys), for NEC Technologies.

*Dennis R. McCoy* of counsel *(Lawrence A. Schulz* on the brief; *Saperston & Day, P. C.,* attorneys), for Apple Computer, Inc.

*Anthony D. Martine* of counsel *(McMahon, Martine & Gallagher,* attorneys), for Dell Computer Corporation.

*Thomas J. Drury* of counsel *(Damon & Morey,* attorneys), for Key Tronic Corp.

*Bert L. Wolff* of counsel *(Skadden Arps Slate Meagher & Flom,* attorneys), for Honeywell.

*Suzanne B. Perla* of counsel *(Standard Weisberg, P. C.,* attorneys), for Seiko Corp. and others.

*James K. Stern* of counsel *(Schiavetti Geisler Corgan Soscia DeVito Gabriele & Nicholson,* attorneys), for Behavior Tech.

*Thomas M. De Simone* of counsel *(Ahmuty Demers & McManus,* attorneys), for Memorex Corp. and another.

*John F. Parker* of counsel *(Costello Shea & Gaffney,* attorneys), for Harris Corporation.

*Eleanor N. Flach* of counsel *(Capriano Lichtman & Flach,* attorneys), for Dynamic Decision and others.

*Andrew P. Fishkin* of counsel *(Edwards & Angell,* attorneys), for AT&T and another.

*Irving B. Levinson* of counsel *(Helleb & Coff,* attorneys), for Amtote and another.

*Gerold Mallow* of counsel *(Mallow, Konstam, Hager & Fischer,* attorneys), for Litton Industries.

*Robert E. Quirk* of counsel *(Quirk & Bakalor, P. C.,* attorneys), for Tandy Corporation.

*Michael Yoeli* of counsel *(Gordon & Silber, P. C.,* attorneys), for Olympia.

*Bruce A. Torino* of counsel *(Torino & Singer, P. C.,* attorneys), for Cascio.

*William M. Wingertzahn* of counsel *(Heidell, Pittoni, Murphy & Bach, P. C.,* attorneys), for Quotron Systems and another.

*Thomas E. Liptak* of counsel *(Kenney, Kanaley, Shelton, Notoro, Liptak & Laing, L. L. P.,* attorneys), for Motorola.

*Stephen M. Cohen* of counsel *(Brody & Fabriani,* attorneys), for WYSE Technology and others.

*Thomas J. Drury* of counsel *(Damon & Morey,* attorneys), for Key Tronic Corp.

*Thomas J. Reddington* of counsel *(Law Offices of Gerard J. Marulli,* attorneys), for Raytheon Co.

*H. Michael O'Brien* of counsel *(Wilson Elser Moskowitz Edelman & Dicker,* attorneys), for Zenith Data.

*Harold M. Weidenfeld* of counsel *(Sidley & Austin,* attorneys), for Zenith Electronics.

*Charles B. Updike* of counsel *(Schoeman Marsh & Updike,* attorneys), for Xerox.

*Lisa M. Iannone* of counsel *(Lester Schwab Katz & Dwyer,* attorneys), for Miles.

*Kenneth ·J. King* of counsel *(Beatie King & Abate,* attorneys), for Digital.

*Peter A. Cross* of counsel *(Jacob, Medinger & Finnegan,* attorneys), for ITT Corp.

*Lawrence A. Hoffman* of counsel *(Olshan Grundman Frome & Rosenzweig,* attorneys), for Chicony America.

*Robert B. Churbuck* of counsel *(O'Brien & Mayr,* attorneys), for Samsung Information Systems America.

*John S. Kiernan* of counsel *(Debevoise & Plimpton,* attorneys), for Compaq Computer Corporation.

### OPINION OF THE COURT

MILONAS, J. P.

We are called upon to consider the plight of numerous plaintiffs with different or multiple kinds of repetitive stress injuries (RSI), allegedly caused over time by the use of data entry keyboards manufactured by one or more of the various defendants. In what is referred to as the "master decision" of

the IAS Court (a single discussion of the applicable law, with multiple orders), the overwhelming majority of the complaints were dismissed as time barred under CPLR 214 (167 Misc 2d 496). These plaintiffs appeal the dismissal of their complaints; in those cases where dismissal on Statute of Limitations grounds was denied, defendants appeal.

The main issue before us is to determine the applicable Statute of Limitations to these product liability personal injury actions. Defendants urge that the IAS Court correctly applied CPLR 214 (5), which provides that an action for personal injury must be commenced within three years of the accrual of the cause of action, i.e., the date of the injury. Plaintiffs urge that CPLR 214-c applies, which provides that the three-year period under CPLR 214 does not begin to run until the discovery of the injury, where the injury is caused by "latent effects of exposure to any substance or combination of substances, in any form, upon or within the body" (CPLR 214-c [2]). This statute, often referred to as the "toxic tort" or "toxic substance" statute, defines exposure as "direct or indirect exposure by absorption, contact, ingestion, inhalation, implantation or injection." (CPLR 214-c [1].) Subdivision (4) of CPLR 214-c adds another year to this three-year period where the *cause* of the injury is discovered at yet a later time, but within five years after the injury is discovered. A claim under this subdivision may require proof that the cause of injury was not discovered earlier because of limited "technical, scientific or medical knowledge" at the time.

We begin with the observation that RSI and related injuries present yet another class of injuries whose consequences are not readily manifest upon the actual injury itself. It was only as recently as 1986 that the Legislature, confronted with the inadequacy and inequity of the existing statute, CPLR 214—and the case law adhering to it—addressed the devastating effects of toxic and other harmful substances that invade the workplace and the home but whose consequences may not reveal themselves for many years. In enacting CPLR 214-c, and making it retroactive, with certain exceptions (CPLR 214-c [6]), the Legislature enabled countless individuals to recover for injuries sustained by exposure to such substances where the claims were otherwise time barred. Such a result is precisely what plaintiffs seek here.

■ We find that CPLR 214-c does not apply to the type of injuries alleged by the plaintiffs before us. Simply put, a keyboard is not a substance, toxic or otherwise. Plaintiffs'

injuries were allegedly incurred by direct contact with a tangible object, not a substance, and the term "substance" was no more meant to encompass a piece of office equipment than it was meant to include any other ordinary product. While "substance" has been held to include natural as well as chemical substances (*Di Marco v Hudson Val. Blood Servs.*, 147 AD2d 156), this conclusion, even if viewed as an expansion of the definition of the term, is hardly comparable to finding that an ordinary object may, for Statute of Limitations purposes, be deemed a substance. Nor does the 1992 amendment adding "implantation" to the definition of exposure, in order to bring breast implantation cases within the ambit of the statute, support this quantum leap (L 1992, ch 551, § 1). Indeed, the necessity for such amendment to include implants suggests the opposite.

While it is true that statutes such as CPLR 214-c, because they are remedial in nature, must be liberally interpreted (*Rothstein v Tennessee Gas Pipeline Co.*, 87 NY2d 90, 96; *Di Marco v Hudson Val. Blood Servs., supra*, at 160) the construction urged by plaintiffs would effectively leave no "thing" excluded. If the term "substance" could apply to any object, CPLR 214 would be rendered essentially meaningless, and a so-called "discovery rule" would universally apply. This was surely not the intention of the Legislature.

The IAS Court, in concluding that CPLR 214-c was inapplicable, relied upon *Wallen v American Tel. & Tel. Co.*, an unpublished decision affirmed by this Court for the reasons stated by the IAS Court (195 AD2d 417, *lv denied* 82 NY2d 659). *Wallen* involved a plaintiff similarly injured who had used defendant's keyboard for over a decade and commenced an action for personal injuries more than three years after the onset of her symptoms and diagnosis. She claimed that she only learned the cause of her injuries shortly before commencing the action. The IAS Court in *Wallen* correctly found that CPLR 214-c was inapplicable because there was no contact with a substance within the meaning of the statute.

In concluding that CPLR 214 is the correct Statute of Limitations in the cases before us, our inquiry is not over. We must address the more difficult question of when a cause of action for RSI may be said to accrue such that it can be determined when the three-year period begins to run. In this respect, *Wallen*, while presenting a similar injury, is distinguishable, for although the IAS Court referred to the accrual of the action as "*no later than* the time that the injurious *process* first

manifests itself" (emphasis added), it did not need to pinpoint precisely when the injury occurred—and therefore, the action accrued—because, by the plaintiff's own admissions, her symptoms and diagnosis occurred more than three years before the commencement of the action.

The decisions of the Court of Appeals in *Snyder v Town Insulation* (81 NY2d 429) and *Consorti v Owens-Corning Fiberglas Corp.* (86 NY2d 449), however, impose a more restrictive interpretation than that advanced by *Wallen (supra)*, and these cases are controlling with respect to accrual of causes of actions under CPLR 214. Both are toxic substance cases subject to CPLR 214 because the plaintiffs' causes of action did not qualify for retroactive application of CPLR 214-c (*see*, CPLR 214-c [6]). Both cases hold that the three-year period under CPLR 214 begins to run with the introduction of, or initial contact with (by whatever means), the offending substance, regardless of the virtual certainty that the statutory period will have expired before the individual becomes aware that there has been any injury.

In *Snyder (supra,* at 431), the Court first explicitly stated that the "date of last exposure," a date proposed by those plaintiffs as well as suggested here (in the guise of "last date of use"), may not be used as the date when the Statute of Limitations begins to run. This accrual date was patently wrong, said the Court, and had never been the law. Such a rule would effectively mean that, so long as exposure continued, the cause of action had not yet accrued, and there would never be a limitation on commencing an action. Such a result is incompatible with the very premise of Statutes of Limitation, which "embody an important policy of giving repose to human affairs" (*Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427, 429).

The Court then reaffirmed the principles pronounced 60 years ago in *Schmidt v Merchants Desp. Transp. Co.* (270 NY 287, 300), where the Court had squarely rejected the argument that accrual should be fixed from the date of the onset of the disease. Injury, as it is meant in the context of the statute, occurs and is "complete" when the offending substance is inhaled or otherwise first "introduced" into the body, *not* when the disease manifests itself. The disease is not the injury, but the consequence of the injury (81 NY2d, *supra,* at 433, citing *Schmidt v Merchants Desp. Transp. Co., supra,* at 301). Thus, it is this first date of exposure from which the Statute of Limitations is to be measured, notwithstanding the fact that the individual may be unaware of any injury until some disease or condition

manifests itself—often many years later. Such harsh results, the Court noted, may be remedied only by the Legislature, and not by judicial fiat. It was precisely to correct such inequities that CPLR 214-c was finally enacted. Nevertheless, the fact remains that for cases falling outside the ambit of CPLR 214-c, the traditional rule applies, even where the result is to deprive injured plaintiffs of their day in court (*Schmidt v Merchants Desp. Transp. Co.*, *supra*, at 302). It is that traditional rule, then, that must be applied to the plaintiffs before us.

That the Court of Appeals has, despite numerous opportunities, declined to overrule this line of cases, was yet again made plain less than a year ago in *Consorti v Owens-Corning Fiberglas Corp. (supra,* at 451), where the Court rejected the proposed "fact-based date of medical injury test," i.e., a "discovery rule" of sorts. The Court restated the importance of "a bright line, readily verifiable rule * * * in which, as a matter of law, the tortious injury is deemed to have occurred upon the introduction of the toxic substance into the body" (86 NY2d, *supra*, at 452). *Consorti* put to rest any doubt that might have lingered after *Snyder* that the holding in *Snyder* was tied to the particular facts, i.e., plaintiffs' allegations that their symptoms began at the time of the installation (and therefore with the initial exposure) of the harmful substance.

Once again citing *Schmidt*, the *Consorti* Court pointed out that although damages had yet to develop, and indeed might be delayed or even averted, " 'the disease resulted naturally, if not inevitably, from a condition created in the plaintiff's body through the defendant's alleged wrong' " occurring when the dust was inhaled *(supra,* at 452, quoting *Schmidt v Merchants Desp. Transp. Co., supra,* at 301). Indeed, according to *Schmidt*, and as adhered to in *Snyder* and *Consorti*, "[i]t cannot be doubted that the plaintiff might have begun an action against the defendant immediately after he inhaled the dust which caused the disease. No successful challenge could have been interposed on the ground that the action was prematurely brought because at the time it was commenced no serious damage to the plaintiff had yet developed" (270 NY, *supra,* at 301). The same must be said, then, about the circumstances before us: plaintiffs had no serious damage upon first striking the keyboard—indeed some users may never develop these debilitating conditions—yet their cause of action accrued, and, unfortunately, expired, before they suffered the consequences of the injury.

This construction of CPLR 214 was followed by the Third Department in *Goyette v Mallinckrodt, Inc.* (204 AD2d 881, *lv denied* 84 NY2d 807), where it held that the cause of action ac-

crued upon *"initial"* exposure to the allegedly damaging chemicals (204 AD2d, *supra,* at 882). Similarly, in *Harrell v Koppers Co.* (217 AD2d 604), the Second Department also followed the date of first exposure rule. Finally, this Court, too, has articulated the initial exposure rule, citing *Goyette v Mallinckrodt, Inc. (supra)* with approval (*Forte v Weiner,* 214 AD2d 397, 399, *lv dismissed* 86 NY2d 885).

We note that although repetitive contact or impact was necessary to develop the conditions alleged by the plaintiffs before us, and that in this regard their cases may be distinguishable from instances of an injury caused by a single injection or ingestion (*see, e.g., Rothstein v Tennessee Gas Pipeline Co., supra*), they are not distinguishable from the cases where repeated, prolonged exposure to, e.g., asbestos, is necessary before the damages will develop and manifest themselves, such as in the cases discussed above.

In applying this rule to the instant case, we conclude that each plaintiff's cause of action accrued upon the commencement of their use of the allegedly defective keyboard, regardless of when their symptoms first manifested themselves, when a diagnosis was made, or when use was discontinued. However, because in the vast majority of these cases even these latter dates were outside the three-year period, defendants seem to have relied on them—on the theory, as expressed in *Wallen (supra)*, that injury had to have occurred by that point—to demonstrate that the claims were time barred under CPLR 214.

Thus, only those plaintiffs who can allege first use of a keyboard within the statutory three-year period have viable claims. In addition, as to those plaintiffs who have alleged the use of more than one keyboard, there is a cause of action as to each one so long as the first use of each is within the three-year period *and* plaintiff can allege a clearly separable injury (or injuries) attributable to each. Even where a cause of action as to one or more keyboards may be time barred, where the first use of a *subsequent* keyboard is within the time period *and* a patently separable injury attributable to that keyboard is alleged, a cause of action as to that product survives.

We conclude with the observation that, just as pre-CPLR 214-c cases produced regrettable results for those suffering the effects of toxic exposure and required a legislative remedy, so, too, does the remedy for the result reached today lie within the authority of the Legislature. The unique nature of the manner in which the conditions alleged by these plaintiffs develop (by repeated contact, which, if ceased, may in fact alleviate the condition entirely, in sharp contrast to the toxic tort cases)

may require a unique response in order to balance the individual's hardship with the need to prevent stale or dishonest claims, the policy justification for Statutes of Limitation (*see, e.g., Rothstein v Tennessee Gas Pipeline Co., supra*, at 93). Absent such legislative action, the traditional rule of CPLR 214 is the applicable Statute of Limitations for such injuries.

Accordingly, an order of the Supreme Court, New York County (Stephen G. Crane, J.), in the above-captioned class action, entered September 15, 1994, unanimously modified, on the law, to the extent that the complaint of plaintiffs Audrey Hulse and Lewis Hulse against defendants IBM, Digital and Sony is reinstated, and the complaint of plaintiffs Deborah Beatty and Stephen E. Beatty against defendant Unisys is dismissed, all without costs, and the clerk is directed to enter judgment accordingly; another order of the same court, in the same class action, entered September 22, 1994, unanimously modified, on the law, to the extent of reinstating the complaint of plaintiff August Leppeimeier against defendants IBM and Wyse, without costs; and another order of the same court, in the same class action, entered December 13, 1994, unanimously reversed, on the law, without costs, and the complaint of plaintiffs Lisa Redd and Ozier Muhammad against defendant Atex, Inc., is dismissed. The remaining orders of the same court in all the above-captioned actions, entered between August 1994 and May 1995, are unanimously affirmed, all without costs. The Clerk is directed to enter judgment in favor of defendant Atex dismissing the complaint of plaintiffs Redd and Muhammad.

KUPFERMAN, ROSS and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered September 15, 1994, unanimously modified, on the law, to the extent that the complaint of plaintiffs Audrey Hulse and Lewis Hulse against defendants IBM, Digital and Sony is reinstated and the complaint of plaintiffs Deborah Beatty and Stephen E. Beatty against defendant Unisys is dismissed, all without costs, and the clerk is directed to enter judgment accordingly; order, same court and Justice, entered September 22, 1994, unanimously modified, on the law, to the extent of reinstating the complaint of plaintiff August Leppeimeier against defendants IBM and Wyse; order, same court and Justice, entered December 13, 1994, unanimously reversed, on the law, and the complaint of plaintiffs Lisa Redd and Ozier Muhammad against defendant Atex, Inc., dismissed; and the remaining orders of the same court and Justice, in all the actions, entered between August 1994 and May 1995, unanimously affirmed, all without costs. [As amended by unpublished order entered Dec. 5, 1996.]