ENDORSEMENT RULING AND ORDER

CHATIGNY, District Judge.
This is a diversity case in which the plaintiff seeks damages for repetitive stress injuries alegedly caused over time by use of keyboards manufactured by the defendants. Plaintiff, a resident of Connecticut, commenced this action in November 1992 in the Eastern District of New York. On defendants’ motion, the case was transferred here in April 1994. The three defendants remaining in the action, OHvetti Office USA, Inc., Sperry Rand/Unisys Corporation and Apple Computers, Inc., have aH moved for summary judgment contending that plaintiff’s claims are time-barred [docs. #74, 78 and 100]. For the reasons that follow, the motions are granted.
The defendants contend that this case is governed by New York’s three-year statute of limitations for personal injury claims, N.Y.CivJPrae.L. & R. § 214.[1] In the recent case of Blanco v. American Telephone & Telegraph — AD.2d -, 646 N.Y.S.2d 99 (N.Y.App.Div.1996), the Appelate Division held that the New York statute of limitations that appHes to repetitive stress injury claims against product manufacturers is § 214. The AppeHate Division also determined that a plaintiffs cause of action accrues under § 214 “upon the commencement of [her] use of the alegedly defective keyboard, regardless of when [her] symptoms first manifested themselves, when a diagnosis was made, or when use was discontinued.” 646 N.Y.S.2d at 104. I am persuaded that the New York Court of Appeals would reach the same conclusion as the Appelate Division in Blanco.
Applying Blanco to the facts of this case, plaintiffs claims against the defendants are time-barred by § 214 because she began using the defendants’ keyboards more than three years before she filed suit in November 1992. In her response to OHvetti’s interrogatory 14, she states that she began using typewriters manufactured by Sperry Rand/Unisys in 1984 and that she began using an Apple keyboard in 1988. Plaintiff *158 has also testified that at the time she sought treatment through the Community Health Center Plan in October 1989, she had already been working with a keyboard made by Olivetti. Plaintiffs Deposition, April 18, 1995, at 115.
Accordingly, defendants’ motions for summary judgment are hereby granted.
So ordered.

. Plaintiff does not deny that her complaint is subject to dismissal unless it was timely filed under New York law.