■ MICHELE A. HAYES, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Respondent. [655 NYS2d 410] —In an action to recover damages for personal injuries based on negligence and strict products liability, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 20, 1995, which granted the defendant's motion to dismiss the complaint as time barred.

Ordered that the order is affirmed, with costs.

From November 1988 through September 1991, in the course of her employment as a bank clerk, the plaintiff allegedly used a computer keyboard manufactured by the defendant, International Business Machines Corporation (hereinafter IBM). The plaintiff claims that as a result of her use of the keyboard, she was caused to suffer physical injuries including bilateral carpal tunnel syndrome and bilateral tendonitis of the upper extremities (collectively referred to herein as repetitive stress injuries or RSI).

In her verified complaint, the plaintiff alleged that beginning in January 1991, she began to experience symptoms such as "numbness, tingling, pain and/or sensory motor impairments of the upper extremities, neck and torso". In April 1991, her RSI was diagnosed. The instant action was commenced on or about March 30, 1994. The Supreme Court granted IBM's motion for summary judgment finding that the action was time barred. We agree.

The Statute of Limitations applicable to RSI claims is the three-year period provided by CPLR 214 (5) (*see, Blanco v American Tel. & Tel. Co.*, 223 AD2d 156; *Piper v International Bus. Machs. Corp.*, 219 AD2d 56). We are cognizant of the disagreement between the departments of the Appellate Division insofar as Third and Fourth Departments measure accrual of a cause of action based on RSI from the date that symptoms

become manifest (*see, Coughlin v International Bus. Machs. Corp.*, 225 AD2d 256; *Piper v International Bus. Machs. Corp., supra*) whereas the First Department measures accrual from the first use of a keyboard (*see, Blanco v American Tel. & Tel. Co., supra*). However, we need not endorse either rule to decide this appeal. Under either approach the plaintiff's claims are untimely since the instant action was not commenced until more than three years after both the date the plaintiff's symptoms first manifested themselves or the date she first used the IBM keyboard.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.