(January 22, 1998)

■ ANNE M. KELLY et al., Appellants, v NEC TECHNOLOGIES, INC., Respondent. [668 NYS2d 380] —Order, Supreme Court, New York County (Stephen Crane, J.), entered November 12, 1996, which granted defendant's motion for summary judgment dismissing the complaint as barred by the Statute of Limitations, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

This is a product liability action for repetitive stress injury ("RSI") allegedly suffered in the workplace by computer keyboard users. Summary judgment was granted on the basis of a 1996 ruling of this Court (*Blanco v American Tel. & Tel. Co.*, 223 AD2d 156) which held that a cause of action in this type of case accrues upon the first use of an allegedly defective keyboard, despite the virtual certainty that an individual will not become aware of such an injury until after expiration of the 3-year Statute of Limitations (CPLR 214).

Pending the outcome of further appeal in *Blanco (supra),* we deferred our determination of the instant appeal. On November 25, 1997, the Court of Appeals unanimously announced a new rule in RSI cases: the cause of action accrues at the onset of symptoms, or upon the last use of the keyboard, whichever is earlier (*Blanco v American Tel. & Tel. Co.*, 90 NY2d 757).

Plaintiffs herein, both allegedly diagnosed with bilateral carpal tunnel syndrome (a form of RSI prevalent among keyboard users), commenced this action in August 1992. Plaintiff Kelly alleged that she first began to experience RSI symptoms in August 1990. Plaintiff Andrews alleged that his first experience of RSI symptoms was in October 1991. Since those accrual points were within three years of the commencement of this action, their claims are not time-barred. Concur—Ellerin, J. P., Wallach, Rubin and Mazzarelli, JJ.