■ LISA GLOVER, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [748 NYS2d 393] —In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated July 5, 2001, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified by adding a provision thereto providing that the branch of the defendants' motion which was for summary judgment dismissing the complaint can be renewed, without prejudice, after discovery is complete; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff claims she tripped and fell on a broken step of a staircase that led to the street level from the New York City Transit Authority (hereinafter the Transit Authority) Roosevelt Avenue subway station in Queens on March 4, 1996. The stairway was located off an arcade containing numerous retail stores. The plaintiff brought suit against the Transit Authority and the City of New York (hereinafter the City), asserting that both entities owned the staircase and had a duty to maintain it.

The Transit Authority produced a witness who testified that based upon his review of the station plans for the subject subway station and his on-site inspection, the stairway at issue is situated beyond the dividing line that marks the limit of the Transit Authority's jurisdiction. The witness did not know whether the Transit Authority was responsible for hiring any maintenance help for this stairway, nor did he know who owned it or might be responsible for its maintenance.

Discovery in this matter is not complete. The City had not been deposed at the time the Transit Authority moved for summary judgment dismissing the complaint. Also, the Transit Authority and the City are represented by the same counsel. They submitted a joint answer in which each denied knowledge or information sufficient to form an opinion as to its ownership, maintenance, and control of this stairway.

Viewing the facts in a light most favorable to the plaintiff,

there are triable issues of fact regarding the site where the plaintiff fell that preclude the grant of summary judgment at this time (*see Ingle v Glamore Motor Sales,* 73 NY2d 183, 194; *Sillman v Twentieth-Century Fox Film Corp.,* 3 NY2d 395, 404). Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.