OPINION OF THE COURT
William R. LaMarca, J.
*651 Defendant, Discover Financial Services, Inc. (hereinafter referred to as Discovercard), moves for an order, pursuant to CPLR 3211 (a) (5) and 3212, dismissing the complaint sounding in negligence as barred by the statute of limitations. Plaintiff, Todd B. Fritzhand, opposes the motion which is determined as follows:
Background
This cause of action arises from an alleged “identity theft” which is a relatively new and profound problem for the person whose identity has been stolen.
Plaintiff relates that, in late 2000 or 2001, he was telephoned by a representative of Discovercard who told him that he owed a balance on a Discovercard account of over $14,000. Plaintiff told the Discovercard representative that he never owned a Discovercard and, therefore, owed them nothing. Plaintiff states that, when he was contacted by a Discovercard collection agency three or four times thereafter to collect the balance owed on the account, he again informed the Discovercard agent that he never owned a Discovercard and owed them nothing. There is no evidence presented that Discovercard continued to dun plaintiff or that they sued plaintiff for collection of the debt.
Thereafter, in August 2004, plaintiff claims that, when he and his wife applied for a mortgage to purchase a new home, a credit report was run by the bank to which he applied and he learned that there were four credit cards in his name, including the Discovercard, which had outstanding balances on accounts which he never possessed. He states that when he contacted the credit card issuers he learned that an unknown person had stolen his identity and run up significant balances, using a fictitious address to which bills were sent. Plaintiff asserts that he never lived at the address given by the imposter and that he never received any credit card billing statements from any of the card issuers, including Discovercard. On September 30, 2004, he filed a police report with his local police department reporting the identity theft.
Plaintiff contends that after filing the police report, he contacted each of the credit card issuers seeking to resolve the matter by having the fictitious accounts closed, having the outstanding balances cancelled and having the issuers notify the credit reporting agencies of such facts. He states that all of the credit card issuers, except Discovercard, agreed to take such action. Plaintiff claims that when he contacted Discovercard’s *652 collection agency in late September 2004, and after he supplied them with a copy of the police report, he was notified that Discovercard was in receipt of the dispute and that he would be notified of their findings as soon as possible. Thereafter, plaintiff claims that, despite repeated calls to Discovercard to resolve the matter and to request a copy of the signature card and other information used to open the account, he was only told that the matter was “under investigation.” It is plaintiffs position that, while the other card issuers agreed to cancel outstanding balances and to clear up his credit history, Discovercard was unwilling to do so and that they never gave him the results of nor completed their investigation.
On February 11, 2005, the plaintiff commenced the instant action with the filing of the summons and complaint. Therein, plaintiff alleges, in essence, (1) that sometime prior to 2001, American Express permitted an individual using plaintiff’s identity to open a credit card at American Express and, using plaintiff’s identity, to accumulate approximately $14,000 of charges on said account; (2) that sometime in early February 2001, the imposter arranged for a transfer of the balance from the American Express account to a Discovercard account; and (3) that Discovercard breached a duty of care and was negligent in accepting the transfer of the balance from American Express without making a proper investigation or contacting plaintiff to verify that the balance was correct. Plaintiff seeks compensatory damages in the amount of $10,000 and punitive damages in the sum of $500,000, together with a declaratory judgment that he does not owe Discovercard any money. Discovercard has answered and asserted, inter alla, the defense of the statute of limitations.
Discovercard now moves for summary judgment and states that the statute of limitations for negligence is three years under CPLR 214 (4), and since the claim accrued in February 2001, when Discovercard allegedly breached a duty of care to plaintiff by negligently accepting the transfer of the balance from American Express, the statute of limitations for any negligence expired in February 2004, at least a year before this action was commenced. Discovercard urges that the complaint should be dismissed and that Discovercard be granted summary judgment.
In opposition to the motion, plaintiff asserts that he had no idea of the identity theft until August 2004, when he applied for a mortgage and a credit report was run, and that he was not aware of all the relevant facts until September 2004. He claims *653 that he was first injured when the bank to which he had applied for a mortgage required him to sign an undertaking agreement with respect to the four credit card accounts that appeared on his credit report and when he was charged a higher rate of interest because of his negative credit score. He also suggests that a declaratory judgment action is subject to a six-year statute of limitations under the “omnibus” or “residuary” provision of CPLR 213 (1) and that the underlying claim of Discover-card, to recover the outstanding balance on the alleged account, is a contract action that is subject to a six-year statute of limitations. As to the negligence action, he argues that the statute of limitations has not expired because Discovercard’s failure to make an investigation into the bona fides of the account, after he told its agents on at least four occasions that he did not have a Discovercard account, is a continuing course of negligent conduct in which the cause of action would not accrue until the last negligent act, likening this action to the continuing wrong doctrine of trespass and nuisance claims. It is plaintiffs position that Discovercard’s motion for summary judgment should be denied in its entirety.
The Law
In viewing motions for summary judgment, it is well settled that summary judgment is a drastic remedy which may only be granted where there is no clear triable issue of fact (see, Andre v Pomeroy, 35 NY2d 361 [1974]; Mosheyev v Pilevsky, 283 AD2d 469 [2d Dept 2001]). Indeed, “[e]yen the color of a triable issue forecloses the remedy” (Rudnitsky v Robbins, 191 AD2d 488, 489 [2d Dept 1993]). Moreover, “[i]t is axiomatic that summary judgment requires issue-finding rather than issue-determination and that resolution of issues of credibility is not appropriate” (Greco v Posillico, 290 AD2d 532, 532 [2d Dept 2002]; Judice v DeAngelo, 272 AD2d 583 [2d Dept 2000]; see also S.J. Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338 [1974]). Further, on a motion for summary judgment, the submissions of the opposing party’s pleadings must be accepted as true (see Glover v City of New York, 298 AD2d 428 [2d Dept 2002]). As is often stated, the facts must be viewed in a light most favorable to the nonmoving party. (See, Mosheyev v Pilevsky, supra.) The burden on the moving party for summary judgment is to demonstrate a prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issue of fact (Ayotte v Gervasio, 81 NY2d 1062 [1993]; Drago v King, 283 AD2d 603 [2d Dept 2001]).
*654 CPLR 214 provides that an action to recover damages for an injury to property must be commenced within three years of the injury, except as provided in section 214-c with respect to toxic exposure cases, which permits certain actions to be commenced within three years of discovery of the injury.
“[U]nder New York law, the statute of limitations for negligence and/or recklessness ‘begins to run when the injury first occurs.’ Iacobelli Constr., Inc. v. County of Monroe, 32 F.3d 19, 27 (2d Cir. 1994); see Triangle Underwriters, Inc. v. Honeywell, Inc., 604 F.2d 737, 744 (2d Cir. 1979) (‘A cause of action accrues when acts or omissions constituting negligence produce injury.’); Snyder v. Town Insulation, Inc., 81 N.Y.2d 429, 432-33, 599 N.Y.S.2d 515, 516-17 (1993) (‘[A]ccrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint.’). Indeed, ‘ “the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury.” ’ Evans v. Visual Tech. Inc., 953 F. Supp. 453, 456 (N.D.N.Y. 1997) (emphasis added) (quoting Schmidt v. Merchants Despatch Transp. Co., 270 N.Y. 287, 300 (1936)); see Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 94, 595 N.Y.S.2d 931, 934 (1993) (stating that the date of injury, ‘rather than the wrongful act of defendant or discovery of the injury by plaintiff, is the relevant date for marking accrual’).” (Nigerian Natl. Petroleum Corp. v Citibank, N.A., 1999 WL 558141, *4, 1999 US Dist LEXIS 11599, *11-12 [SD NY, July 30, 1999].)
As a general rule, “the three-year Statute of Limitations applicable to a ‘negligence’ action like the one at bar, which does not involve exposure to toxic substances (cf., CPLR 214-c), commences to run on the date of the ‘occurrence’ of the injury, not on the date when it was ‘discovered’.” (Playford v Phelps Mem. Hosp. Ctr., 254 AD2d 471, 471-472 [2d Dept 1998].)
However, a defendant may be estopped from pleading the statute of limitations as a defense where, by fraud, misrepresentation or deception, it has induced plaintiff to refrain from filing a timely action. (Green v Albert, 199 AD2d 465 [2d Dept 1993].) The doctrine of equitable estoppel is only applicable in circumstances when there is evidence that plaintiff was lulled into inaction by defendant in order to allow the statute of limita *655 tians to lapse. (East Midtown Plaza Hous. Co. v City of New York, 218 AD2d 628 [1st Dept 1995].)
Discussion
Discovercard asserts that the first and core “injury” in the case at bar was the creation of a debt in plaintiffs name with Discovercard, and that plaintiff knew of that debt in late 2000 or 2001 and “did nothing and waited for the inevitable consequence of unpaid debt to be visited upon him in his application for a mortgage loan more that three years later.” In contrast, it is plaintiff’s position that all the elements of the tort to be truthfully pleaded in the complaint were not available until September 2004 when he learned of the identity theft in the credit report and that the “injury” did not accrue until the bank set a higher rate of interest on account of the negative credit report.
However, the unresolved issues are whether it was not Discovercard who sat on its rights for a long period of time and whether its failure to sue plaintiff or continue to dun him, for an allegedly substantial debt of over $14,000, did not lull plaintiff into inaction in order to allow the statute of limitations to lapse. We are faced with an innocent consumer who was telephoned on but four or five occasions in the year 2001 for collection of a substantial sum and who told Discovercard to stop dunning him as he did not have an account with them and did not owe them any money. It is reasonable to conclude that a layperson in such a position could assume that, because Discovercard never took any further action or sued plaintiff for the alleged debt, they had corrected their records and the problem, as against him, was resolved. A reasonable person could assume that Discovercard was the one who was expected to act—either sue to collect the alleged debt or fix the records and resolve the problem. It was only in 2004 that plaintiff had an inkling that the problem had not been resolved when he undertook an investigation into the realm of identity theft.
Giving the plaintiff the benefit of every favorable inference from the allegations contained in the record, it is the court’s judgment that issues of fact exist as to when the cause of action accrued and that, therefore, Discovercard is not entitled to summary judgment of the statute of limitations defense. Additionally, a genuine question of material fact exists as to whether Discovercard lulled the plaintiff into a false sense of security by their silence after they were notified of the error in its com *656 mercial records precluding summary judgment on the grounds of equitable estoppel. (Cf., Schirano v Paggioli, 99 AD2d 802 [2d Dept 1984].)
Furthermore, the court rejects plaintiffs arguments that his action is anything other than a negligence action. “Although declaratory judgment actions are typically governed by a six-year statute of limitations (see CPLR 213 [1]), if the underlying dispute could have been resolved through an action or proceeding for which a specific, shorter limitations period governs, then such shorter period must be applied.” (Trager v Town of Clifton Park, 303 AD2d 875 [3d Dept 2003].) Here the dispute can be resolved in a negligence action and, thus, the three-year statute of limitations must be applied, except to the extent set forth above.
Conclusion
After a careful reading of the submissions herein, the court concludes that Discovercard has not established that it is entitled to judgment as a matter of law.
Accordingly, it is hereby ordered that defendant’s motion for dismissal of the complaint and for summary judgment on the ground of the statute of limitations is denied.
The court has considered the additional arguments of the parties and finds them to be without merit.
All further requested relief not specifically granted is denied.