■ LONG ISLAND OPHTHALMOLOGIC ASSOCIATES, P. C., Appellant, v WEST BROADWAY PROFESSIONAL BUILDING, INC., Respondent. — In a declaratory judgment action, plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated September 11, 1981, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, plaintiff's motion for summary judgment is granted, and it is declared that plaintiff is not obligated under its lease to pay for its electrical consumption. Special Term erred in denying plaintiff's motion for summary judgment. It is axiomatic that a party opposing a motion for summary judgment must submit evidentiary facts sufficient to raise triable issues of fact (*Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264; *Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521, 530). Defendant's papers do not support its assertion that triable issues of fact exist as to the reasonableness of plaintiff's consumption of electricity. Furthermore, we do not agree with defendant's contention that the facts surrounding plaintiff's use of electricity are within the exclusive knowledge of plaintiff so as to give rise to the application of CPLR 3212 (subd [f]). Rather it would be defendant, which receives and pays the electric bills, which would be privy to such information. Additionally, we find that defendant does not have a claim for relief under section 235-c of the Real Property Law based on unconscionability of the lease. The relevant statutory language in subdivision 1 of that section provides that "[i]f the court as a matter of law finds a lease or any clause of the lease to have been unconscionable at the time it was made the court may refuse to enforce the lease". The alleged unconscionability of the lease herein is the absence of a provision providing that the plaintiff tenant pay its share of utility costs. Defendant asserts that the cost of supplying utilities is financially prohibitive because of increased costs. As such, the allegation is one of substantive unconscionability (see *Industralease*

*Automated & Scientific Equip. Corp. v R. M. E. Enterprises,* 58 AD2d 482). Since section 235-c concerns itself only with procedural unconscionability, defendant is not entitled to any relief under this section. Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.