OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiffs decedent was born in Charlotte, North Carolina, in 1956. Decedent’s mother took dienestrol, a synthetic estro
 
 *859
 
 gen drug, while she was pregnant with decedent. In 1976, decedent was diagnosed with clear cell adenocarcinoma of the cervix and sustained a radical hysterectomy. No lawsuit was commenced at that time. Decedent moved to New York shortly after the surgery and remained disease-free until 1990, when it was discovered that she had clear cell adenocarcinoma metastatic from the primary cervical cancer, which caused her death in January 1991. Plaintiff husband, individually and as representative of decedent’s estate, commenced this action against defendants manufacturers of dienestrol.
 

 The cause of action accrued in North Carolina, where decedent was exposed
 
 in útero
 
 to dienestrol in 1955 and diagnosed with cancer related to that exposure in 1976
 
 (see, Fleishman v Lilly & Co.,
 
 62 NY2d 888). Because decedent was not a resident of New York at the time the cause of action accrued, CPLR 202, the so-called “borrowing” statute, requires dismissal of this suit unless it is timely under the Statute of Limitations of both New York and North Carolina
 
 (see, Antone v General Motors Corp.
 
 (64 NY2d 20, 28). The Appellate Division correctly concluded that this action, which was commenced in 1992, is time-barred under both New York and North Carolina law. Plaintiff’s assertion that the cancer diagnosed in 1990 was a separate injury for Statute of Limitations purposes was properly rejected
 
 (see, Consorti v Owens-Coming Fiberglas Corp.,
 
 86 NY2d 449 [decided today]).
 

 Plaintiff’s remaining contentions were not preserved for review.
 

 Chief Judge Kaye and Judges Simons, Titone, Levine and Ciparick concur; Judges Bellacosa and Smith taking no part.
 

 Order affirmed, with costs, in a memorandum.