[650 NYS2d 477]

MARY JANE COUGHLIN et al., Appellants, v INTERNATIONAL
BUSINESS MACHINES CORPORATION, Respondent.

Third Department, December 5, 1996

APPEARANCES OF COUNSEL

*Levy, Phillips & Konigsberg,* New York City *(Alani Golanski* of counsel), for appellants.

*Cerussi & Spring,* White Plains *(Peter Riggs* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH JR., J.

In her verified complaint, filed on February 25, 1994, plaintiff Mary Jane Coughlin (hereinafter plaintiff) alleges that she sustained repetitive stress injuries as a result of using a typewriter and two computer keyboards, all of which were manufactured by defendant. Plaintiff, who used the typewriter in 1986 and 1987, the first keyboard from 1988 through March 1991

and the second keyboard thereafter, first experienced symptoms (including numbness, tingling, pain and loss of function in her upper extremities) in September 1989, and was diagnosed as suffering from epicondylitis in her right arm in the same month. She and her husband, derivatively, seek to recover for these physical injuries, which they contend were proximately caused by the defective design of defendant's products and by defendant's failure to warn of the dangers posed thereby.

After issue was joined, defendant moved for summary judgment on Statute of Limitations grounds. In response, plaintiff proffered her attorney's affidavit, along with that of a medical expert, outlining the nature and causation of repetitive stress injuries in general, including epicondylitis, and their connection to data entry equipment such as that used by plaintiff. Supreme Court granted defendant's motion—which it denominated one "to dismiss * * * and for summary judgment upon statute of limitations grounds"—and plaintiffs appeal.

■ At the outset, we note that inasmuch as defendant's notice of motion expressly sought "summary judgment" and referred to both CPLR 3211 (a) (5) *and 3212*, and plaintiffs' attorney's answering affidavit, self-described as being "in opposition to defendant's motion for summary judgment", expressly sought denial of "defendant's motion for summary judgment", plaintiffs' claim that the motion must be treated as one directed to the pleadings only, pursuant to CPLR 3211, must be rejected (*see, Monteferrante v New York City Fire Dept.*, 63 AD2d 576, *affd* 47 NY2d 737). Moreover, while they now assert that the question of when plaintiff was first injured is a factual matter, that "must ultimately be resolved * * * after discovery", plaintiffs' opposition papers do not suggest that they opposed defendant's application on the ground that further development of the record would enable them to uncover facts necessary to withstand the motion (*see,* CPLR 3211 [d]; 3212 [f]).*

■ Turning to the merits of plaintiffs' arguments with respect to when their claims should be deemed to have accrued, we see no reason to depart from the general principle that a cause of action for personal injury accrues when one is first injured as a result of another's wrongdoing (*see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94; *Schmidt v Merchants Desp.*

---

* Indeed, it is difficult to perceive how this contention could be persuasive, for the information necessary to show the timeliness of plaintiffs' claims does not appear to be within defendant's knowledge (*see, C.F.C. Realty Corp. v Empire Fire & Mar. Ins. Co.*, 110 AD2d 508, 509; *Long Is. Ophthalmologic Assocs. v West Broadway Professional Bldg.*, 88 AD2d 585).

*Transp. Co.*, 270 NY 287, 300). In this regard, we find unavailing plaintiffs' attempt to invoke the "discovery rule" applicable to actions for "personal injury * * * caused by the latent effects of exposure to any substance or combination of substances" (CPLR 214-c [2]). Although the equipment involved here was obviously made up of "substances" (as is any tangible object), it was not plaintiff's contact with those materials, per se, that is alleged to have caused her injury. In our view, CPLR 214-c cannot reasonably be construed as applying to claims, such as these, wherein an injury or disease is not alleged to have resulted from the nature of the substances to which a plaintiff was exposed, but rather from the physical configuration of an object—here, the layout of a keyboard (*see, Blanco v American Tel. & Tel. Co.*, 223 AD2d 156, 160-161).

Admittedly, the "insidious" nature of the injuries in question makes it difficult to ascertain when there first was some actual deterioration of plaintiff's body structure (*cf., Dorsey v Apple Computers*, 936 F Supp 89). However, we need not address whether that impediment justifies the adoption of a "bright line" rule, like that applicable to cases involving exposure to toxic substances prior to the enactment of CPLR 214-c, declaring that accrual must be deemed to have occurred when a plaintiff first used the offending product (*see, Consorti v Owens-Corning Fiberglas Corp.*, 86 NY2d 449, 452; *Blanco v American Tel. & Tel. Co.*, *supra*, at 163), for even in the absence of such a rule these claims are time barred. Because the forces "set in motion" by defendant's alleged wrongs—its release of the keyboards into the market and its failure to warn of their allegedly injurious characteristics—plainly "touch[ed] the person" of plaintiff (*Schmidt v Merchants Desp. Transp. Co.*, *supra*, at 300) in, or prior to, September 1989, when she began to experience symptoms of repetitive stress injury, and she was then able to truthfully allege all of the elements of the tort (*see, Kronos, Inc. v AVX Corp.*, *supra*, at 94), her cause of action accrued at that time.

Plaintiffs argue vigorously that defendant's motion should nevertheless have been denied, in view of their allegations that it is not possible to pinpoint "the precise date of the onset of [plaintiff's] symptoms", nor to state that the initial symptoms she experienced constitute "even a partial manifestation of each or any of the injuries * * * ultimately sustained", and that "there is a cumulative and prolonged process by which plaintiff sustained injury, aggravated existing injury, sustained new injury, and continues to do so". Plaintiffs' reliance upon

these conclusory averments, without more, to demonstrate the existence of a timely cause of action is unavailing. It is a settled principle that once a compensable injury has occurred, the time within which an action may be commenced may not be extended merely by the aggravation, or exacerbation, of that injury by continued contact with the same offending product (*see, New York Seven-Up Bottling Co. v Dow Chem. Co.*, 96 AD2d 1051, *affd* 61 NY2d 828; *cf., Dugan v Schering Corp.*, 86 NY2d 857, 859; *Snyder v Town Insulation*, 81 NY2d 429, 435). Thus, bearing in mind the appropriate standards to be applied on a motion for summary judgment, it was incumbent upon plaintiffs to come forth with factual substantiation of their assertions of "new injury" within the limitations period (*see, Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 342), sufficient to demonstrate not only when such injury occurred, but also that it is, in fact, qualitatively different from that sustained earlier (*see, Piper v International Bus. Machs. Corp.*, 219 AD2d 56, 62-63; *cf., Kuechler v 805 Middlesex Corp.*, 866 F Supp 147, 149). This they have failed to do.

Finally, neither the fact that plaintiff's use of the second computer keyboard took place solely within the limitations period, nor the assertion that defendant had a continuing duty to warn of the hazards associated with their products, compels a result different from that reached by Supreme Court. With respect to the second keyboard, while any separate injury caused thereby would necessarily have occurred within the limitations period, plaintiffs' proof—consisting merely of a "generic" physician's affidavit, which makes no reference to plaintiff in particular or the course of her individual disease process—falls far short of demonstrating that such an injury was actually sustained. As for the claims premised upon defendant's duty to warn, the mere continuation of that duty into the limitations period is not enough to resurrect a cause of action premised upon an injury occurring earlier, and again plaintiff has not tendered proof sufficient to raise a question of fact with respect to whether she suffered any new injury, within the three years prior to the commencement of this action, attributable to defendant's failure to warn.

MERCURE, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.