■ STATE OF NEW YORK et al., Respondents-Appellants, v FERMENTA ASC CORPORATION et al., Appellants-Respondents. [656 NYS2d 342] —In an action, *inter alia,* for the abatement of a public nuisance, (1) the defendants appeal, as limited by their brief, (a) from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated January 4, 1994, as denied that branch of their motion which was for summary judgment dismissing the complaint, (b) from so much of an order of the same court, dated July 28, 1994, as denied that branch of their motion which was to dismiss the first, second, and third causes of action asserted by the plaintiff Suffolk County Water Authority to recover damages for public and private nuisance, and (c) from so much of an order and judgment (one paper) of the same court (Oshrin, J.), entered November 8, 1995, as, *inter alia,* after a nonjury trial on the issue of liability, was in favor of the plaintiff the Suffolk County Water Authority and against them on the cause of action to recover damages for trespass and directed a trial to determine the amount of damages, (2) the plaintiffs State of New York and Thomas C. Jorling, as Commissioner of Environmental Conservation, cross-appeal as limited by their brief, (a) from so much of the order dated January 4, 1994, as denied their motion for summary judgment, and (b) from so much of the order and judgment as, after a nonjury trial on the issue of liability, dismissed their cause of action to recover damages for public nuisance, (3) the plaintiff Suffolk County Water Authority separately cross-appeals, as limited by its brief, (a) from so much of the order dated July 28, 1994, as dismissed, in part, its cause of action to recover damages for trespass and nuisance per se, and (b) from so much of the order and judgment as, after a nonjury trial on the issue of liability, dismissed its cause of action to recover damages for public and private nuisance, and (4) the plaintiff County of Suffolk cross-appeals, as limited by its brief, from so much of the order and judgment as dismissed its cause of action to recover damages for public nuisance.

Ordered that the appeals and cross appeals from the orders dated January 4, 1994, and July 28, 1994, are dismissed, without costs or disbursements; and it is further,

Ordered that the order and judgment entered November 8, 1995, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeals and cross appeals from the orders dated January 4, 1994, and July 28, 1994, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment on November 8, 1995 (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and cross appeals from these orders are brought up for review and have been considered on the appeal and cross appeals from the order and judgment (see, CPLR 5501 [a] [1]).

The groundwater in Suffolk County contains a synthetic organic compound known as tetrachloroterephthalic acid, or TCPA, which is a natural byproduct of Dacthal, a widely-used agricultural herbicide manufactured and distributed exclusively by the defendants. State regulations enacted in 1989 provide that the groundwater concentration of unspecified organic contaminants, including TCPA, may not exceed 50 parts per billion. It is undisputed that as early as 1979, TCPA was present in the Suffolk County water supply in amounts far in excess of that regulatory standard.

In September 1989 the plaintiffs State of New York (hereinafter the State) and County of Suffolk (hereinafter the County) commenced this action, sounding in nuisance per se and common-law public nuisance, to enjoin further sale and use of Dacthal and to recover for damages caused by the contamination. After the defendants answered, the plaintiffs moved, and the defendants cross-moved, for summary judgment. By order dated January 4, 1994, the Supreme Court, Suffolk County, denied the motion and the cross motion and directed that the action proceed to trial.

The Suffolk County Water Authority (hereinafter SCWA), which closed some of its wells when it became aware that the TCPA contamination violated the regulatory standards, intervened as a plaintiff, seeking damages for, among other things, nuisance per se, common-law public and private nuisance, and trespass. The defendants moved to dismiss SCWA's complaint for failure to state a cause of action. By order dated July 28, 1994, the Supreme Court, Suffolk County (Werner, J.), dismissed the fourth and fifth causes of action to recover damages for trespass and for nuisance per se, with leave to replead the fourth cause of action for trespass, and

otherwise denied the motion. SCWA did replead its trespass claim and the case proceeded to trial on the issue of liability.

Before trial the defendants moved to dismiss the amended complaint of SWCA on the grounds that the claims were either preempted by Federal law or barred by the applicable Statute of Limitations. The defendants also sought, *in limine,* to exclude the testimony of several expert witnesses to be presented by the State and County at trial. The court reserved judgment on these motions, and the trial proceeded.

The principal issue at trial was whether TCPA in the amounts detected in the water supply posed a health threat to humans. Both sides presented the testimony of expert witnesses who had reviewed the limited toxicology studies performed on laboratory animals. The plaintiffs' experts opined that TCPA, in the amounts detected, presented a hazard to human health. The defendants' experts testified that the studies were flawed, inconclusive, or indicative of the fact that TCPA was a harmless substance. At the conclusion of the trial, the court dismissed all of the causes of action asserted on behalf of the State and County, finding that the plaintiffs' witnesses were less credible than the defendants' witnesses. The court, however, sustained the cause of action to recover damages for trespass asserted by SCWA and directed a trial on damages.

We agree with the trial court that the Federal Insecticide, Fungicide, and Rodenticide Act (7 USC § 136 *et seq.* [hereinafter FIFRA]), did not preempt the trespass claim asserted by SCWA. FIFRA preempts only those State tort actions which seek to recover damages based upon the adequacy of pesticide warning labels (*see,* 7 USC § 136v; *Warner v American Fluoride Corp.,* 204 AD2d 1, 12-13; *Sirico v Beckerle Lbr. Supply Co.,* 227 AD2d 396). The trespass claim asserted by SCWA merely sought to recover the costs associated with the defendants' interference with the operation of its wells, and had nothing to do with warnings or labels. As such, it was not preempted by FIFRA.

Moreover, the cause of action to recover damages for trespass was not barred by the Statute of Limitations. The claim of SCWA for damages for trespass is governed by the three-year Statute of Limitations contained in CPLR 214-c, which began to run at the date of discovery of its injury (*see,* CPLR 214-c [2]; *Jensen v General Elec. Co.,* 82 NY2d 77). Whether the violation of the regulatory standard which SCWA first discovered in 1991 was an "outgrowth, maturation or complication" of the original contamination of the groundwater was a question of fact for the trial court (*see, Bimbo v Chromalloy Am. Corp.,* 226

AD2d 812). Since the evidence presented at trial could have supported a finding that the violation of the regulation constituted a separate and distinct injury, we decline to disturb the determination of the trial court that the trespass claim of SCWA was asserted in a timely fashion.

We also agree with the trial court that the plaintiffs failed to carry their burden of proof with regard to their causes of action for nuisance per se and public nuisance. Nuisance per se is a nuisance based on an act which is unlawful, even if performed with due care (*see, Delaney v Philhern Realty Holding Corp.,* 280 NY 461, 465). In an action based on a theory of nuisance per se, the plaintiffs need only establish a violation of law, and need not show that the nuisance was intentional or negligent. They must still, however, establish the remaining elements of the cause of action, which include proof of a situation created by the defendants which endangers or injures the property, health, safety, or comfort of a considerable number of persons (*see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 568).

The State and County claim that the mere existence of a regulatory standard limiting the amount of TCPA in the groundwater is conclusive evidence that TCPA is a hazardous substance. We disagree. The evidence showed that the regulations at issue, 6 NYCRR 703.5 and 10 NYCRR 5-1.51 and 5-1.52, apply the same maximum contaminant level to all organic chemicals, including some which are known to be harmless, some, like TCPA, the toxicity of which is unknown, and some, like dimethyl tetrachloroterephthalate, a close chemical relative of TCPA, which are known to be carcinogenic in amounts far below the regulatory limit. The existence of the regulatory limit, therefore, has no direct relationship to the toxicity of a compound. Since the record clearly supports the express finding of the trial court that the plaintiffs failed to establish that TCPA presented a health hazard of any kind, the public nuisance claims, including the claim sounding in nuisance per se, must fall for failure to prove an essential element.

We also decline to disturb the dismissal of the claim by SCWA to recover damages for private nuisance. The defendants could not have foreseen the injury to SCWA until 1989 at the earliest, when, for the first time, SCWA was forced to close its wells. By that date, the defendants had attempted, albeit unsuccessfully, to remove Dacthal from the Suffolk County market. The trial court weighed this evidence and expressly found that, for purposes of the private nuisance claim, the defendants had not been negligent in any way. In the absence

of negligence or intent, a cause of action to recover damages arising from a private nuisance cannot be maintained (*see, Copart Indus. v Consolidated Edison Co., supra,* at 570).

The foreseeability of a plaintiff's specific injury, however, is not a requirement of liability under a trespass theory (*see, Phillips v Sun Oil Co.,* 307 NY 328, 331). For purposes of the trespass claim, it is enough that the defendants' actions in directing consumers to apply Dacthal to the soil was substantially certain to result in the entry of TCPA into SCWA wells (*see, Phillips v Sun Oil Co., supra,* at 331; *Ketcham v Newman,* 141 NY 205, 209). Because these facts are not substantially in dispute, the trial court correctly upheld the trespass claim of SCWA.

Finally, the defendants' contentions regarding the denial of their motion *in limine* are academic, since the trial court expressly rejected the State and County claims and clearly did not rely on the testimony of the State and County expert witnesses in holding the defendants to be liable to SCWA in trespass.

We have considered the parties' remaining contentions and find them to be either academic or without merit. Bracken, J. P., Copertino, Altman and Krausman, JJ., concur. [*See,* 162 Misc 2d 288; 166 Misc 2d 524.]