■ WALTER E. CHRISTY, Doing Business as LUKE's FIX-N-WASH, Respondent, v ED J. HARVEY, Doing Business as HARVEY CONSTRUCTION COMPANY, Defendant, and SUNYS PETROLEUM CORPORATION, Appellant. [691 NYS2d 609] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 9, 1998 in Franklin County, which denied a motion by defendant SUNYS Petroleum Corporation to dismiss the complaint against it as time barred.

Plaintiff is the owner of certain real property located in the Village of Tupper Lake, Franklin County, upon which he operates a gasoline station and automotive repair business. During the relevant time period, defendant SUNYS Petroleum

Corporation (hereinafter defendant) was a distributor of petroleum products and provided such products to plaintiff at his Tupper Lake location. Beginning in 1988, arrangements were made to install, *inter alia*, three underground gasoline storage tanks at plaintiff's place of business. Although the record reflects some dispute as to defendant's precise role in this endeavor, it appears that the actual installation of such tanks was performed by defendant Ed J. Harvey, doing business as Harvey Construction Company, and completed in or about November 1989.

In February 1997, plaintiff allegedly discovered a significant underground leak of gasoline from a line at or near one of the aforementioned storage tanks. Thereafter, in September 1997, plaintiff commenced this action against defendant and Harvey setting forth causes of action sounding in negligence and breach of contract and seeking to recover for, *inter alia*, the cost of cleanup and the diminution in the value of his property. Harvey answered and defendant moved to dismiss, contending that it had no contractual relationship with plaintiff and, in any event, performed no work relative to the installation of the underground tanks. Alternatively, defendant sought dismissal upon the basis that this action was time barred by the six-year Statute of Limitations applicable to claims for breach of contract. Supreme Court denied defendant's motion, finding a question of fact as to privity of contract between plaintiff and defendant. This appeal ensued.*

We affirm, albeit for reasons other than those expressed by Supreme Court. Regardless of the labels attached to plaintiff's respective causes of action, a review of the underlying complaint plainly reveals that plaintiff is seeking to recover for damage to his property caused by an underground gasoline leak. In this regard, CPLR 214-c (2) broadly provides: "Notwithstanding the provisions of * * * [CPLR] 214, the three year period within which an action to recover damages for * * * injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form * * * upon or within property must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." The statute, which has been described as remedial in nature, "was enacted to 'provide relief to injured

---

* In the interim defendant answered, raising various affirmative defenses and asserting a counterclaim against plaintiff and a cross-claim against Harvey.

New Yorkers whose claims would otherwise be dismissed for untimeliness simply because they were unaware of the latent injuries until after the limitation period had expired' " (*Jensen v General Elec. Co.*, 82 NY2d 77, 84, quoting Mem of Senator R. B. Stafford, 1986 NY Legis Ann, at 287).

Here, plaintiff has alleged that the discovery of the underground gasoline leak occurred on or about February 2, 1997 and, unlike the situation in *Oliver Chevrolet v Mobil Oil Corp.* (249 AD2d 793), where the plaintiff's inventory reconciliation process and personal observations revealed the presence of leaks years before the plaintiff actually commenced suit for the surrounding groundwater contamination, there is nothing in the record here to suggest that plaintiff should have been on notice of such a problem prior to February 1997. As CPLR 214-c plainly is applicable to petroleum contamination cases (*see, e.g.*, *Jensen v General Elec. Co.*, *supra*; *Boswell v Leemilt's Petroleum*, 252 AD2d 889), we conclude that the instant action, commenced in September 1997, indeed is timely. Defendant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.