■ JOHN A. DISTEFANO et al., Appellants, v NABISCO, INC., et al., Respondents. [724 NYS2d 444] —In an action, *inter alia*, to recover for damage to property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered November 9, 1999, as dismissed the complaint as time-barred.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents Nabisco, Inc., A.U. Products Corp., and Rowe Industries, Inc.

The plaintiffs are residents of Sag Harbor who live near a site that until 1974 was used to manufacture small electric motors and transformers. The defendants are the current and former owners of the site. During the manufacturing process, volatile organic compounds were used but not properly disposed of, which contaminated the groundwater underneath the plaintiffs' homes. The contamination was first discovered in 1984, and the residents were advised not to use their well water for drinking or cooking. In 1985, 25 homes were connected to the public water supply. Articles about the contamination appeared in the *New York Times*, *Newsday*, and a local newspaper. Moreover, the United States Environmental Protection Agency (hereinafter the EPA) kept the residents informed of the results of its investigation. In 1992, the EPA held a public hearing that was attended by several plaintiffs who expressed concerns about, among other things, their diminished property values. Although the plaintiffs obviously were aware of the contamination and its effect on the value of their respective properties they did not commence this action until 1996. The Supreme Court dismissed the action as untimely, finding that the three-year Statute of Limitations began to run when the plaintiffs first learned of the contamination. The plaintiffs appeal.

It is well settled that in considering a motion to dismiss, the allegations in the complaint must be deemed to be true and accorded every favorable inference (*see, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506). Even according the plaintiffs every favorable inference, their action is untimely. An action to recover for damage to property caused by the latent effects of exposure to any substance must be brought no later than three years from the date of discovery of the injury by the plaintiffs or from the date when, through the exercise of reasonable diligence, such injury should have been discovered by the plaintiffs, whichever is earlier (*see,* CPLR 214-c [2]; *Jensen v General Elec. Co.,* 82 NY2d 77, 81). The record clearly establishes that the plaintiffs knew of the groundwater contamination and its

effect on their property values as early as 1984 and certainly by 1992. In either case, their action, which was commenced in 1996, is untimely.

Contrary to the plaintiffs' contentions, the so-called "two-injury rule," is inapplicable. The diminution in value of the plaintiffs' properties is an outgrowth, maturation, or complication of the original contamination, which was discovered in 1984, and not a separate and distinct injury (*see, Chevrolet v Mobil Oil Corp.*, 249 AD2d 793; *State of New York v Fermenta ASC Corp.*, 238 AD2d 400, 401-402; *Bimbo v Chromalloy Am. Corp.*, 226 AD2d 812).

The plaintiffs' remaining contentions are unpreserved for appellate review and, in any event, are without merit. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.