(February 21, 2002)

■ DONNA SHAPIRO et al., Appellants, v ANSELL PERRY, INC., et al., Defendants, and SMITH & NEPHEW, INC., et al., Respondents. [737 NYS2d 843] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about November 9, 2000, which granted the motion of defendants-respondents for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendants-respondents' motion denied and the complaint reinstated.

Since 1993, plaintiff has been aware that she suffers from a Type IV latex allergic condition, which is manifested by dermatological symptoms. Thereafter, in January 1995, plaintiff began to suffer from a Type I latex allergic condition, which is manifested by respiratory symptoms. This action was commenced in October 1997. The uncontroverted affidavit of plaintiff's medical expert raises an issue of fact as to whether the Type I condition and the Type IV condition are sufficiently separate and distinct as to make applicable the "second injury" rule (*Fusaro v Porter-Hayden Co.*, 145 Misc 2d 911, *affd for reasons stated* 170 AD2d 239), under which the three-year statute of limitations would not begin to run as to the Type I condition until plaintiff discovered, or reasonably should have discovered, that she suffered from that condition (CPLR 214-c). We therefore reverse the grant of summary judgment to defendants-respondents and remand for trial. Concur—Nardelli, J.P., Williams, Mazzarelli, Lerner and Friedman, JJ.

■ EXECUTIVE COACH AUTO REPAIRS, Respondent, v ANTHONY LaMURA, Appellant. [737 NYS2d 844] —Appeal from order, Supreme Court, Bronx County (Jerry Crispino, J.), entered May 25, 2000, unanimously dismissed, without costs or disbursements, in light of the decision/order of the Supreme Court, Bronx County, dated October 29, 2001, dismissing the action on the ground that the corporate plaintiff was dissolved in 1993. No opinion. Concur—Williams, J.P., Tom, Sullivan, Rosenberger and Friedman, JJ.