■ WILLIAM SCHWINGHAMMER, Respondent, v SULLIVAN WEST CENTRAL SCHOOL DISTRICT et al., Appellants. [768 NYS2d 696]—

Cardona, P.J. Appeal from an order of the Supreme Court (Clemente, J.), entered December 20, 2002 in Sullivan County, which granted plaintiff permission to file a late notice of claim nunc pro tunc.

Plaintiff is the owner of real property in the Town of Freemont, Sullivan County, located adjacent to property owned by defendant Sullivan West Central School District. In the summer of 2001, he noticed a broken sewer pipe on the District's property discharging raw sewage into a creek that ran across his property. On April 5, 2002, plaintiff filed a notice of claim against the District alleging property damage and negligence due to that discharge. Shortly thereafter, he commenced this action against the District, its Superintendent and members of the Board of Education. In September 2002, defendants moved to dismiss the complaint based upon plaintiff's failure to file a notice of claim within 90 days of the claim's accrual. In plaintiff's October 17, 2002 response, he sought permission to file a late notice of claim. Supreme Court denied defendants' motion and granted plaintiff permission to file a late notice of claim, nunc pro tunc, within 30 days of the court's decision, prompting this appeal.

In order to commence a tort action against a school district, a notice of claim must be served within 90 days after the claim accrues (see Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]). Although a court may extend the 90-day period, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against any district or any such school" (Education Law § 3813 [2-a]; see General Municipal Law § 50-e [5]). Notably, a court is without power to authorize the late filing of a claim or to order that a late filed claim be deemed timely nunc pro tunc where the statute of lim-

itations has expired (*see Pierson v City of New York*, 56 NY2d 950, 954-955 [1982]; *Perry v City of New York*, 238 AD2d 326, 327 [1997]; *see also Serkil, L.L.C. v City of Troy*, 259 AD2d 920, 922 [1999], *lv denied* 93 NY2d 811 [1999]). The statute of limitations for commencing a tort action against a school district is one year and 90 days from "the happening of the event upon which the claim is based" (General Municipal Law § 50-i [1]). Pursuant to CPLR 214-c (3), "a claim or action [against a school district] for . . . injury to property caused by the latent effects of exposure to any substance or combination of substances, in any form, . . . upon or within property shall be deemed to have accrued on the date of discovery."

Here, the record established that plaintiff provided detailed information regarding the sewage problem at a public meeting of the Upper Delaware Council on July 5, 2001 and, therefore, his claim accrued no later than that date. Contrary to plaintiff's assertion, the fact that the sewage discharge was in the nature of a continuing wrong does not preclude application of the discovery rule of CPLR 214-c (*see Jensen v General Elec. Co.*, 82 NY2d 77, 88-89 [1993]). As already indicated, plaintiff did not seek permission to file a late notice of claim until October 17, 2002, when plaintiff's attorney included this request as alternative relief in an affidavit. Insofar as this was beyond the one-year and 90-day limitations period, we are constrained to find that Supreme Court lacked authority to permit plaintiff to file a late notice of claim.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.