■ MAURA CURRY et al., Appellants, v ARTHUR D'ONOFRIO et al., Respondents. [816 NYS2d 144]—

In an action, inter alia, to recover for damage to property, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Bellantoni, J.), entered May 20, 2005, which granted the separate motions of the defendants (a) Arthur D'Onofrio and Mary D'Onofrio, (b) Envirostar Corporation, (c) Standard Fire Insurance Company, erroneously sued herein as St. Paul Travelers (formerly known as The St. Paul Companies

& Travelers Property Casualty Corp.), and (d) Seneca Insurance Company, Inc., to dismiss the second amended complaint as time-barred, (2) a judgment of the same court dated June 23, 2005, which, upon the order, dismissed the second amended complaint, and (3) so much of an order of the same court dated October 24, 2005, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered May 20, 2005 is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, and the facts, the motions are denied, the second amended complaint is reinstated, and the order entered May 20, 2005 is modified accordingly; and it is further,

Ordered that the appeal from the order dated October 24, 2005 is dismissed as academic in light of the determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order entered May 20, 2005 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs, Maura Curry and Timothy Curry, and the defendants Arthur D'Onofrio and Mary D'Onofrio (hereinafter the D'Onofrios) are next-door neighbors in Pelham Manor. In or around June 2000 the D'Onofrios discovered that an underground storage tank (hereinafter the UST) on their property was leaking. They contracted with the defendant Envirostar Corporation (hereinafter Envirostar) to remove the UST and to perform remediation of contaminated soil and groundwater on their property. The project required extensive excavation on the D'Onofrio property. The removal of the UST and the remediation work on the D'Onofrio property were completed in late September 2000. In or around August 2003 the plaintiffs noticed a rust discharge and an oily film on their driveway, which is located approximately 10 feet from the property line. The plaintiffs also discovered around the same time that their sump pump, which operated after heavy rains, was stained and clogged with oil and had to be replaced. They also noticed that the property line hedges appeared to be dying. In August 2004, after petroleum contamination on their property had been confirmed, the plaintiffs commenced this action against the D'Onofrios, Envirostar, and their insurers.

In December 2004 or January 2005 each of the defendants, except for Commerce & Industry Insurance Company, moved for dismissal of the action as time-barred. At the time the first motion was filed, issue had been joined as to all of the moving defendants except for Seneca Insurance Company, Inc. (hereinafter Seneca), an insurer of Envirostar. The plaintiffs opposed the motions. By order entered May 20, 2005, the Supreme Court granted the motions and dismissed the action as time-barred. Judgment was entered thereupon and the court adhered to its determination upon reargument. We disagree.

We reject the plaintiffs' argument that Envirostar waived its right to assert the defense of statute of limitations because it failed to assert the defense in its initial answer. Envirostar properly amended its answer as of right pursuant to CPLR 3025 (a) and included the statute of limitations' defense in its amended answer to the plaintiffs' second amended complaint (*see Iacovangelo v Shepherd*, 5 NY3d 184, 187 [2005]; *Hickey v Hutton*, 182 AD2d 801 [1992]). Since Envirostar timely interposed the statute of limitations' defense, it is not necessary to address the plaintiffs' argument that Seneca, as Envirostar's insurer, was precluded from asserting a statute of limitations' defense.

The Supreme Court erred in dismissing the action as time-barred. The Supreme Court failed to determine the applicable statute of limitations and merely concluded that the action was untimely under either CPLR 214 or 214-c. CPLR 214-c provides a three-year statute of limitations period for latent injuries to person or property caused by exposure to harmful substances beginning on the date the injury is discovered or the date when the injury should have been discovered by a reasonably diligent plaintiff, whichever is earlier (*see Jensen v General Elec. Co.*, 82 NY2d 77, 83 [1993]). It is well-settled that CPLR 214-c applies to actions to recover damages caused by contamination by any substance, including petroleum (*see generally DiStefano v Nabisco, Inc.*, 282 AD2d 704 [2001] [action for property damage caused by contaminated well water from "volatile organic compounds" deemed untimely under CPLR 214-c]; *Thoma v Town of Schodack*, 6 AD3d 957 [2004] [CPLR 214-c applicable to claim for property damage caused by salt which leaked into well]; *Christy v Harvey*, 262 AD2d 755 [1999] [CPLR 214-c found to be "plainly applicable to petroleum contamination cases"]; *Boswell v Leemilt's Petroleum*, 252 AD2d 889 [1998] [CPLR 214-c applicable to claim by homeowners for property damage caused by gasoline seepage from USTs of adjacent gas station]). The plaintiffs' action here was timely commenced pursuant to

CPLR 214-c. They discovered the petroleum seepage into their property during the summer of 2003 and commenced the action in August 2004. There is no evidence to suggest, contrary to the defendants' speculation, that the plaintiffs knew or should have known of contamination on their property prior to 2003 (*see Boswell v Leemilt's Petroleum, supra* at 891).

Additionally, the Supreme Court improperly considered unsworn, nonprobative, and inadmissible evidence in determining the motions to dismiss (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Menzel v Plotnick*, 202 AD2d 558, 558-559 [1994]; *Matter of Firestone v Saxton Prods.*, 113 AD2d 750 [1985]).

The parties' remaining contentions are without merit. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.