[991 NYS2d 613]

SUFFOLK COUNTY WATER AUTHORITY, Respondent-Appellant, v
DOW CHEMICAL COMPANY et al., Appellants-Respondents, et
al., Defendants.

Second Department, July 23, 2014

## APPEARANCES OF COUNSEL

*Orrick, Herrington & Sutcliffe LLP*, New York City (*Siobhan Handley*, *Morton Dubin* and *Richard A. Jacobsen* of counsel), and *King & Spalding LLP*, New York City, for Dow Chemical Company, appellant-respondent.

*Leader & Berkon LLP*, New York City (*Joshua K. Leader* of counsel), for E.I. du Pont de Nemours and Company, appellant-respondent.

*Fulbright & Jaworski LLP*, New York City (*James H. Neale* of counsel), for Legacy Vulcan Corporation, formerly known as Vulcan Materials Company, appellant-respondent.

*Morgan, Lewis & Bockius*, New York City (*Shaina Stahl* of counsel), for Bayer CropScience, Inc., individually and as successor-in-interest to Stauffer Chemical Company, appellant-respondent.

*Harwood Lloyd, LLC*, New York City (*Gregg A. Ilardi* and *Levi W. Barrett* of counsel), for Bowe-Permac, Inc. and another, appellants-respondents.

*Hanig & Schutzman, LLP*, Poughkeepsie (*Adrienne Odierna*, *Richard S. Baron*, admitted pro hac vice, and *Brian H. Phinney*, admitted pro hac vice, of counsel), for Hoyt Corporation, appellant-respondent.

*Bleakley Platt & Schmidt, LLP*, White Plains (*William P. Harrington* and *Taylor M. Hicks* of counsel), for R.R. Street & Co., Inc., appellant-respondent.

*Lester Schwab Katz & Dwyer, LLP*, New York City (*Seth I. Weinstein* of counsel), for Forenta, LP, appellant-respondent.

*Porzio, Bromberg & Newman, P.C.*, New York City (*Allan I. Young* of counsel), for Renzacci of America, Inc., appellant-respondent.

*McGivney & Kluger, P.C.*, New York City (*Richard E. Leff* of counsel), for Multimatic Dry Cleaning Machine Corporation, appellant-respondent.

*Jones Hirsch Connors & Bull P.C.*, New York City (*Neil E. Higgins* and *Tonya M. Lindsey* of counsel), for Firbimatic, also known as Eco Dry of America, Inc., appellant-respondent.

*Cullen and Dykman, LLP*, New York City, for Direct Machinery Sales Corp., appellant-respondent.

*Connell Foley LLP*, New York City (*Michael Bojbasa* of counsel), for Detrex Corporation, appellant-respondent.

*Armienti, DeBellis, Guglielmo & Rhoden, LLP*, New York City (*Karen S. Drotzer* of counsel), for Hoffman/New Yorker, Inc., appellant-respondent (one brief filed).

*Weitz & Luxenberg, P.C.*, New York City (*William A. Walsh* and *Carla Burke* of counsel), for respondent-appellant.

### OPINION OF THE COURT

HINDS-RADIX, J.

The Suffolk County Water Authority (hereinafter the SCWA) operates public water drinking systems and supplies drinking water to thousands of residents and businesses in Suffolk County. On July 12, 2010, the SCWA commenced this action against a number of manufacturers, distributors, and retailers of perchloroethylene (hereinafter PCE), a chemical commonly used in dry cleaning, and manufacturers, distributors, and retailers of dry cleaning equipment intended for use with PCE. The SCWA alleged that the defendants were responsible for the contamination of many of its wells with PCE and two chemicals resulting from degradation of PCE, trichloroethylene (hereinafter TCE) and dichloroethylene (hereinafter DCE). At issue here is whether SCWA had standing to raise those claims, and whether those claims were timely asserted.

The 12 defendants involved in this appeal are Dow Chemical Company, E.I. du Pont de Nemours and Company, Legacy Vulcan Corporation, formerly known as Vulcan Materials Company, Bayer CropScience, Inc., individually and as successor-in-interest to Stauffer Chemical Company, Bowe-Permac, Inc., Sail Star USA, Inc., Hoyt Corporation, R.R. Street & Co., Inc., Forenta, LP, Renzacci of America, Inc., Multimatic Dry Cleaning Machine Corporation, Firbimatic, also known as Eco Dry of America, Inc., Direct Machinery Sales Corp., Detrex Corporation, and Hoffman/New Yorker, Inc. (hereinafter collectively the movants). After issue was joined, and a preliminary round of discovery conducted, the movants and several other defendants jointly moved for summary judgment dismissing, for lack of standing, so much of the complaint insofar as asserted against them as sought to recover damages for contamination of 115 wells, where such contamination did not reach or exceed the maximum contaminant level (hereinafter MCL) set by the United States Environmental Protection Agency and the New York State Department of Health of 5 parts per billion (hereinafter ppb) of PCE. They also moved for summary judgment dismissing, as time-barred, so much of the complaint insofar as

asserted against them as sought to recover damages for the contamination of 151 wells, where such contamination was detected before July 12, 2007. In support of their position that the SCWA did not have standing, the movants argued that where the level of contamination in drinking water falls below the MCL, that water is safe for human consumption, and a public water supplier has no duty to act to remediate the contamination. Thus, the movants maintained that the SCWA had not suffered a compensable injury with respect to the 115 wells where the contamination level fell below the MCL. The movants additionally contended that, since the SCWA sought to recover damages for injury to property caused by the latent effects of exposure to PCE and its degradation products, its claims were governed by the three-year statute of limitations set forth in CPLR 214-c, and began to run on the date the contamination was discovered, or should have been discovered through the exercise of reasonable diligence. Accordingly, the movants submitted that, since the SCWA detected some level of contamination in 151 wells more than three years prior to the commencement of this action, the claims to recover damages for the contamination of those wells were time-barred.

In opposition to the motion, the SCWA asserted that there was no legal authority or policy basis for establishing a bright-line rule that contamination had to exceed the MCL to confer standing. The SCWA further contended that CPLR 214-c was not controlling because the injury to its property had not been caused by the latent effect of exposure to a substance. Rather, the SCWA maintained that its claims were governed by the three-year statute of limitations set forth in CPLR 214 (4), and were not time-barred under that provision because continuous injury to property caused by the maintenance of a nuisance creates separate causes of action, and the statute of limitations runs from each successive trespass which caused multiple separate injuries to the wells. In the alternative, the SCWA argued that even if CPLR 214-c applied, there was an issue of fact as to whether the claims were time-barred because there were multiple releases at separate times which constituted separate injuries. The SCWA also submitted an expert's affidavit, which stated that fluctuations in the contamination levels of the wells could indicate that multiple releases of contaminants had occurred.

The Supreme Court denied the motion in its entirety. With respect to the issue of standing, the Supreme Court rejected the

movants' contention that the MCL standard was the minimum level at which injury could be said to have occurred, and determined that there were triable issues of fact as to whether the SCWA sustained a compensable injury based on its allegations that the release of contaminants at levels below the MCL resulted in monitoring and remediation costs. With respect to the issue of timeliness, the Supreme Court determined that, while the claims were governed by the three-year statute of limitations for latent exposure contained in CPLR 214-c, there were triable issues of fact as to whether claims relating to contamination discovered more than three years before the commencement of the action were timely because there were "multiple releases, discharges, leaks and/or disposals" of contaminants which caused separate injuries (*Suffolk County Water Auth. v Dow Chem. Co.*, 35 Misc 3d 307, 316-317 [2012]).

On appeal from the order denying their motion, the movants continue to maintain that, as a matter of law, the presence of contaminants at levels below the applicable MCL cannot constitute a legally compensable injury sufficient to confer standing in a tort action to recover damages related thereto. In this regard, the movants submit that the contamination of 115 wells at levels under the MCL did not cause injury to the SCWA's property interest because the water remained potable, and thus, could be sold to customers. The movants further contend that although the Supreme Court properly concluded that the applicable statute of limitations was CPLR 214-c, it erred in finding that the SCWA raised an issue of fact as to whether the claims with respect to 151 wells were barred by the statute of limitations. More specifically, the movants argue that the SCWA failed to raise an issue of fact as to the applicability of the "two-injury rule" because it failed to establish that there were separate and distinct injuries to the wells. The SCWA cross-appeals from the order, contending that the Supreme Court erred in finding that its claims were governed by CPLR 214-c.

Generally, a plaintiff has standing to sue if it has suffered an injury in fact (*see In re Methyl Tertiary Butyl Ether [MTBE] Prods. Liab. Litig.*, 725 F3d 65, 107 [2d Cir 2013]; *MRI Broadway Rental v United States Min. Prods. Co.*, 92 NY2d 421, 427-428 [1998]) in some way different from that of the public at large and within the zone of interests to be protected by relevant statutory and regulatory provisions (*see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 304 [2009]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]).

■ We reject the movants' contention that the SCWA lacked standing to seek damages for injury to 115 wells where the PCE contamination level fell below the MCL. The MCL is only a regulatory standard which governs conduct in supplying water to the public. While the MCL may be helpful in determining whether an injury has occurred, the MCL does not set a bar below which an injury cannot have occurred (*see In re Methyl Tertiary Butyl Ether [MTBE] Prods.*, 458 F Supp 2d 149, 154-158 [SD NY 2006]). Similarly, the MCL does not define whether an injury has occurred, since contamination below that level could result in some injury, such as increased monitoring costs (*see In re Methyl Tertiary Butyl Ether [MTBE] Prods. Liab. Litig,* 725 F3d at 105-106; *City of Greenville, Ill. v Syngenta Crop Protection, Inc.,* 756 F Supp 2d 1001, 1006-1008 [2010]; *In re Methyl Tertiary Butyl Ether [MTBE] Prods.,* 458 F Supp 2d at 154, 158; *LaFleur v Whitman,* 300 F3d 256, 269 [2002]; *Cunningham v Spitz,* 218 AD2d 639 [1995]). It is undisputed that the SCWA has expended resources in its effort to address the widespread contamination, even at wells where the contamination has not risen to or exceeded the MCL. Thus, the SCWA has alleged that it has suffered an injury for which it may seek redress, irrespective of the level of contamination.

We also note that to accept both the movants' argument that CPLR 214-c is applicable to this case, requiring the SCWA to commence an action to recover damages within three years of discovery of the injury, and their argument that such injury must meet a regulatory threshold before a suit could be commenced, would place the SCWA in an untenable position. Requiring a plaintiff who has discovered contamination to wait until the contamination meets a regulatory threshold before commencing suit could foreclose a plaintiff from seeking damages at all (*see In re Methyl Tertiary Butyl Ether [MTBE] Prods. Liab. Litig.,* 725 F3d at 111).

Thus, the Supreme Court properly denied that branch of the movants' motion which was for summary judgment dismissing, for lack of standing, so much of the complaint insofar as asserted against them as sought to recover damages for contamination of 115 wells where such contamination did not reach or exceed the MCL.

■ However, the Supreme Court erred in denying that branch of the movants' motion which sought dismissal of claims with respect to 151 wells on the basis that the claims were barred by the statute of limitations pursuant to CPLR 214-c. On this point,

the SCWA's cross appeal must be dismissed, as the SCWA challenges only findings of fact and conclusions of law that CPLR 214-c was applicable. Such findings of fact and conclusions of law are not independently appealable (*see Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d 801 [2012]; *Matter of Flamenbaum*, 95 AD3d 1318, 1320-1321 [2012], *affd* 22 NY3d 962 [2013]). To the extent that the SCWA's argument made on the cross appeal could be viewed as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), that argument is without merit.

CPLR 214-c was enacted in 1986 (L 1986, ch 682) to ameliorate the effect of a line of cases which held that toxic tort claims accrued upon the impact or exposure to the substance, even though the resulting injury or illness did not manifest itself until some time later (*see Matter of New York County DES Litig.*, 89 NY2d 506, 511 [1997]; *Consorti v Owens-Corning Fiberglas Corp.*, 86 NY2d 449 [1995]). CPLR 214-c provides for a three-year limitations period for actions to recover damages for injuries to person or property "caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body or upon or within property" (CPLR 214-c [2]). The three-year period is "computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c [2]; *see Jensen v General Elec. Co.*, 82 NY2d 77, 84 [1993]). For the purposes of CPLR 214-c, "discovery occurs when, based upon an objective level of awareness of the dangers and consequences of the particular substance, 'the injured party discovers the primary condition on which the claim is based' " (*MRI Broadway Rental v United States Min. Prods. Co.*, 92 NY2d at 429, quoting *Matter of New York County DES Litig.*, 89 NY2d at 509; *D'Agostino v Town of Pound Ridge*, 41 AD3d 760, 762 [2007]; *Broich v Nabisco, Inc.*, 2 AD3d 474, 474 [2003]).

CPLR 214-c has been uniformly applied to actions to recover damages caused by contamination by any substance, including volatile organic compounds, such as PCE or TCE (*see Aiken v General Elec. Co.*, 57 AD3d 1070, 1072; *Miller Realty Assoc. v Amendola*, 51 AD3d 987, 989 [2008]; *Curry v D'Onofrio*, 29 AD3d 727, 729 [2006]; *Thoma v Town of Schodack*, 6 AD3d 957, 960 [2004]; *DiStefano v Nabisco, Inc.*, 282 AD2d 704 [2001]; *Water Auth. of W. Nassau County v Lockheed Martin Corp.*, 276

AD2d 624 [2000]; *Christy v Harvey*, 262 AD2d 755 [1999]; *Boswell v Leemilt's Petroleum*, 252 AD2d 889 [1998]; *State of New York v Fermenta ASC Corp.*, 238 AD2d 400 [1997]). The SCWA argues that CPLR 214-c does not apply to this case because water contamination is not a latent injury within the scope of that statute. Rather, the SCWA asserts that water contamination is a patent injury because there is "no interval between the water's exposure" to the contaminant and the resulting harm (*Incorporated Vil. of Garden City v Genesco, Inc.*, 596 F Supp 2d 587, 605, *reconsideration granted on other grounds* 2009 WL 3081724, 2009 US Dist LEXIS 87354 [ED NY, Sept. 23, 2009, No. 07-CV-5244 (JFB) (ETB)]). We disagree.

A latent injury occurs at the time of exposure: the reason that the injury is latent is that the injury is concealed, and not visible or otherwise apparent (*see Giordano v Market Am., Inc.*, 15 NY3d 590, 598 [2010]), and the property damage "results from the seepage or infiltration of a toxic foreign substance over time" (*Germantown Cent. School Dist. v Clark, Clark, Millis & Gilson*, 100 NY2d 202, 207 [2003]), specifically, the migration of PCE or TCE into the wells (*see Incorporated Vil. of Garden City v Genesco, Inc.*, 596 F Supp 2d at 605 n 14; *Christy v Harvey*, 262 AD2d 755 [1999]; *Boswell v Leemilt's Petroleum*, 252 AD2d 889 [1998]). A patent injury, on the other hand, is immediately apparent (*see Manhattanville Coll. v James John Romeo Consulting Engr., P.C.*, 5 AD3d 637 [2004]), and there is no interval between the alleged exposure and the resulting harm (*see Dabb v NYNEX Corp.*, 262 AD2d 1079 [1999]). In the instant case, the alleged harm to the SCWA's wells occurred over time, and was not immediately apparent. Accordingly, the Supreme Court properly determined that CPLR 214-c was applicable to this case.

The movants established, as a matter of law, that the claims relating to the 151 wells where PCE contamination was discovered more than three years prior to the commencement of the action were time-barred pursuant to CPLR 214-c. Indeed, the SCWA did not dispute that PCE had been discovered at the 151 wells more than three years prior to the commencement of the action. The burden thus shifted to the SCWA to raise a triable issue of fact as to the applicability of an exception to the statute of limitations, or as to whether the statute of limitations was tolled, or the cause of action was interposed within the applicable period of limitations (*see Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.]*, 107

AD3d 780, 781 [2013]; *Benjamin v Keyspan Corp.*, 104 AD3d 891 [2013]). In opposition, the SCWA failed to raise a triable issue of fact.

CPLR 214-c is a remedial statute enacted to rectify the injustice caused by "an archaic rule which commences the three year time period for suit on the date that an exposure occurs" (Governor's Approval Mem, Bill Jacket, L 1986, ch 682, 1986 NY Legis Ann at 288), regardless of the date on which the injury was discovered. Prior to the enactment of CPLR 214-c, a cause of action accrued when the plaintiff was first injured (*see Snyder v Town Insulation*, 81 NY2d 429, 432-433 [1993]), defined as when the plaintiff was first exposed, "even though the ill effects of such exposure were not manifested until years later" (*Annunziato v City of New York*, 224 AD2d 31, 35 [1996]; *see Matter of New York County DES Litig.*, 89 NY2d at 513-514). Under the prior law, a plaintiff could resort to the common-law exception for a continuous wrong giving rise to successive causes of action so long as the wrong continued (*see 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 51 [1964]), resulting in ongoing harm which restarted the clock on the statute of limitations on a daily basis (*see Incorporated Vil. of Garden City v Genesco, Inc.*, 596 F Supp 2d at 604). However, CPLR 214-c displaced that common-law exception for a continuing wrong in cases where CPLR 214-c was applicable (*see Jensen v General Elec. Co.*, 82 NY2d 77, 86 [1993]; *Schwinghammer v Sullivan W. Cent. School Dist.*, 2 AD3d 1126, 1127 [2003]; *Annunziato v City of New York*, 224 AD2d at 40).* Since CPLR 214-c is applicable to this case, the SCWA could not rely upon the continuous wrong exception.

The Supreme Court relied upon the "two-injury rule" (*see Suffolk County Water Auth. v Dow Chem. Co.*, 35 Misc 3d at 316-317), also referred to as the "second-injury rule" (*Prohaska v Sofamor, S.N.C.*, 138 F Supp 2d 422, 431 [2001]) in denying that branch of the movants' motion which was for summary judgment dismissing, as time-barred, so much of the complaint insofar as asserted against them as sought to recover damages for the contamination of 151 wells, where such contamination was detected before July 12, 2007. The two-injury rule "evolved in the context of exposure-related medical problems but . . .

---

* If a cause of action to recover damages is time-barred pursuant to CPLR 214-c, the plaintiff could still rely on the continuing wrong exception to seek injunctive relief, since CPLR 214-c only applies to actions for damages and not action for injunctive relief (*see Jensen v General Elec. Co.*, 82 NY2d at 90).

has since been applied to toxic torts generally" (*Lessord v General Elec. Co.*, 258 F Supp 2d 209, 220 [2002]; *see Fusaro v Porter-Hayden Co.*, 145 Misc 2d 911 [Sup Ct, NY County 1989], *affd for reasons stated below* 170 AD2d 239 [1991]). While the rule has been recognized by intermediate appellate courts, including this Court (*see e.g. DiStefano v Nabisco*, 282 AD2d at 705; *State of New York v Fermenta ASC Corp.*, 238 AD2d 400 [1997]), it has never been recognized by the New York Court of Appeals (*see Snyman v W.A. Baum Co., Inc.*, 360 Fed Appx 251, 253 n 1).

The two-injury rule permits the splitting of one cause of action (*see Braune v Abbott Labs.*, 895 F Supp 530, 556 [1995]), or recognizes the accrual of a new cause of action (*see Bimbo v Chromalloy Am. Corp.*, 226 AD2d 812, 815 [1996]), where a single exposure has resulted in separate and distinct injuries (*see Shapiro v Ansell Perry, Inc.*, 291 AD2d 301 [2002]). Pursuant to the rule, "the Statute of Limitations starts to run anew upon the discovery of a second injury" caused by the same wrong (*Fusaro v Porter-Hayden Co.*, 145 Misc 2d at 918; *see Shapiro v Ansell Perry, Inc.*, 291 AD2d 301 [2002]), such as contamination spreading to a new site (*see Bimbo v Chromalloy Am. Corp.*, 226 AD2d at 815). However, the two-injury rule does not apply to an injury which is the "outgrowth, maturation, or complication of the original contamination" (*DiStefano v Nabisco*, 282 AD2d at 705; *see Bimbo v Chromalloy Am. Corp.*, 226 AD2d at 815; *FCA Assoc. v Texaco, Inc.*, 2008 WL 314511, 2008 US Dist LEXIS 8116, 67 ERC [BNA] 1058 [WD NY, Feb. 4, 2008, No. 03-CV-6083T]). Rather, the second injury must be "separate and distinct" and arise independently of prior injuries (*Griffin v Garratt-Callahan Co.*, 74 F3d 36, 40 [1996]), and must be " 'qualitatively different from that sustained earlier' " (*Oeffler v Miles, Inc.*, 241 AD2d 822, 826 [1997], quoting *Coughlin v International Bus. Machs. Corp.*, 225 AD2d 256, 260 [1996]; *see DiStefano v Nabisco*, 282 AD2d at 705; *cf. State of New York v Fermenta ASC Corp.*, 238 AD2d 400 [1997]). The plaintiff bears the burden of coming forward with a "factual substantiation" of a new injury occurring within the period of limitations which was "qualitatively different from that sustained earlier" (*Coughlin v International Bus. Machs. Corp.*, 225 AD2d at 260; *see Piper v International Bus. Machs. Corp.*, 219 AD2d 56, 62-63 [1996]; *Dugan v Schering Corp.*, 210 AD2d 974 [1994], *affd* 86 NY2d 857 [1995]).

In the instant case, the SCWA alleged damages of the same nature in wells where contamination was previously discovered,

prior to July 12, 2007. The movants established, prima facie, that the damages sustained were an outgrowth, maturation, or complication of the original contamination, not a separate and distinct injury (*cf. State of New York v Fermenta ASC Corp.*, 238 AD2d 400 [1997]). Therefore, in the absence of any evidence raising an issue of fact was to whether the damages sustained during the period of limitations were separate and distinct, and " 'qualitatively different from that sustained earlier' " (*Oeffler v Miles, Inc.*, 241 AD2d 822, 826 [1997], quoting *Coughlin v International Bus. Machs. Corp.*, 225 AD2d at 260; *see DiStefano v Nabisco, Inc.*, 282 AD2d at 705), the two-injury rule was not applicable.

The Supreme Court considered not only whether there was an issue of fact as to multiple injuries, but also whether there was an issue of fact as to multiple distinct acts of tortious conduct (*see Suffolk County Water Auth. v Dow Chem. Co.*, 35 Misc 3d at 315). While the two-injury rule is based upon allegations of a second injury resulting from "the continuing effects of earlier unlawful conduct" (*Selkirk v State of New York*, 249 AD2d 818, 819 [1998]), additional wrongful conduct could give rise to additional wrongful releases of contamination, resulting in new wrongs and the accrual of new causes of action (*see Oeffler v Miles, Inc.*, 241 AD2d at 825-826; *see generally Prachel v Town of Webster*, 96 AD3d 1365, 1366 [2012]). However, it was incumbent upon the SCWA to come forward with evidence in admissible form that there was new wrongful conduct, giving rise to new causes of action not barred by CPLR 214-c (*see Coughlin v International Bus. Machs. Corp.*, 225 AD2d at 260). The SCWA did not offer any evidence of any specific release of PCE by a dry cleaner. Further, its expert did not render an opinion with respect to whether the levels of contamination in those specific wells in fact fluctuated or whether such fluctuations were attributed to multiple releases of contaminants. Accordingly, the SWCA failed to raise a triable issue of fact on this issue.

The parties' remaining contentions are without merit (*see Bass v Union Carbide Corp.*, 22 AD3d 618, 620 [2005]; *see also Oeffler v Miles, Inc.*, 241 AD2d 822 [1997]).

Accordingly, the Supreme Court erred in denying that branch of the movants' motion which was for summary judgment dismissing, as time-barred, so much of the complaint insofar as asserted against them as sought to recover damages for the contamination of 151 wells, where such contamination was

detected before July 12, 2007. Therefore, the cross appeal is dismissed, and the order is modified, on the law, by deleting the provision thereof which denied that branch of the motion of the defendants Dow Chemical Company, E.I. du Pont de Nemours and Company, Legacy Vulcan Corporation, formerly known as Vulcan Materials Company, Bayer CropScience, Inc., individually and as successor-in-interest to Stauffer Chemical Company, Bowe-Permac, Inc., Sail Star USA, Inc., Hoyt Corporation, R.R. Street & Co., Inc., Forenta, LP, Renzacci of America, Inc., Multimatic Dry Cleaning Machine Corporation, Firbimatic, also known as Eco Dry of America, Inc., Direct Machinery Sales Corp., Detrex Corporation, and Hoffman/New Yorker, Inc., which was for summary judgment dismissing, as time-barred, so much of the complaint insofar as asserted against them as sought to recover damages for the contamination of 151 wells, where such contamination was detected before July 12, 2007, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from.

DILLON, J.P., DICKERSON and COHEN, JJ., concur.

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Dow Chemical Company, E.I. du Pont de Nemours and Company, Legacy Vulcan Corporation, formerly known as Vulcan Materials Company, Bayer CropScience, Inc., individually and as successor-in-interest to Stauffer Chemical Company, Bowe-Permac, Inc., Sail Star USA, Inc., Hoyt Corporation, R.R. Street & Co., Inc., Forenta, LP, Renzacci of America, Inc., Multimatic Dry Cleaning Machine Corporation, Firbimatic, also known as Eco Dry of America, Inc., Direct Machinery Sales Corp., Detrex Corporation, and Hoffman/New Yorker, Inc., which was for summary judgment dismissing, as time-barred, so much of the complaint insofar as asserted against them as sought to recover damages for the contamination of 151 wells, where such contamination was detected before July 12, 2007, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.